**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**PAUL WINTERS, JR.,**

   **Plaintiff,**

**v.**             **CIVIL ACTION NO.**

**PENDRICK CAPITAL PARTNERS, LLC,**
**and**
**PHOENIX FINANCIAL SERVICES, LLC,**

   **Defendants.**

## COMPLAINT

   COMES NOW, Paul Winters, Jr., the Plaintiff, by Counsel, and for his Complaint against Defendants PENDRICK CAPITAL PARTNERS, LLC and PHOENIX FINANCIAL SERVICES, LLC, he states as follows:

### INTRODUCTION

   1.  This case arises from Defendants' violation of federal and state law by using abusive, deceptive and unfair debt collection practices to attempt to collect on consumer debts. Here, Defendants' failure to abide by federal and state law caused Plaintiff mental distress and anguish due to Defendants' abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

   2.  This Court has subject matter jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

   3.  Supplemental jurisdiction over the state law claims regarding the same transactions and events is provided under 28 U.S.C. § 1367.

   4.  This Court has venue over this action because the attempted collection constituting violations of law occurred in this District and Division and Defendant resides in this District.

## PARTIES

5.      Mr. Winters is a natural person and consumer as defined under the FDCPA, 15 U.S.C. § 1692a(1).

6.      Defendant Pendrick Capital Partners, LLC is a limited liability company authorized to do business in the Commonwealth of Virginia with its principal place of business located here. Pendrick's principal business is purchasing medical debts, and it purchased the Plaintiff's debt owed to a third party. Pendrick is also a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.      Defendant Phoenix Financial Services, LLC is registered to do business in Virginia through its registered agent, CT Corporation System.  Phoenix's principal business is to collect debts and thus it is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.      All debts at issue in this case are consumer debts as defined in the FDCPA.

## FACTS

9.      Pendrick and Phoenix acquired details about a consumer debt belonging to Plaintiff and attempted to collect that debt from Plaintiff's father, Paul Winters, Sr. by contacting him at his home in Hampton, Virginia.

10.      On or about June 3, 2021, Defendant Phoenix contacted Plaintiff's father who in an attempt to collect a debt on behalf of Pendrick.  Plaintiff's father responded to Pendrick's attempted collection by requesting verification of the debt because he was not familiar with the original creditor, Development 6 client.

11.      On or about July 12, 2021, Defendant Phoenix responded to Plaintiff's father's request for verification of the debt and informed Plaintiff's father that the account information provided by Phoenix was "verified" as accurate by Pendrick.  Phoenix further provided Plaintiff's

full information regarding the debt to Plaintiff's father, including but not limited to Plaintiff's date of birth, phone number, address, employer, date of services, diagnosis codes and amount of the charges incurred by Plaintiff.

12.     The information provided to Plaintiff's father was that of the Plaintiff and not regarding Plaintiff's father.

13.     Defendants knew that Plaintiff resides in the State of Tennessee as shown on the documents of Pendrick which were provided by Defendant Phoenix to Plaintiff's father, however, Pendrick attempted collection of the debt at the residence of Plaintiff's father in Virginia.  Plaintiff has not resided in Virginia for more than eight years.

14.     Defendants intentionally, and without regard to the privacy of Plaintiff, provided Plaintiff's information to be released to a third party, in violation of the Federal and State laws regarding collection practices.

## COUNT ONE:
## 15 U.S.C. § 1692c(b)
## Communication in Connection with Debt Collection

15.     Plaintiff realleges and incorporates all other factual allegations set forth in this Complaint.

16.     Defendants communicated with a third party and released Plaintiff's information to a third party without regard for the privacy of Plaintiff.

17.     Defendants' violation was intentional and in direct violation of 15 U.S.C. § 1682c(b).

18.     As a result of Defendants' actions, Plaintiff suffered actual damages in his frustration, anger, stress and by other emotional and mental distress.  He was greatly embarrassed and humiliated when he was confronted by his father about the supposedly unpaid bill.

19.     It was exactly this misconduct and injury for which congress enacted the FDCPA.

20.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court to enter judgment for actual, statutory and punitive damages as pled; attorneys fees and costs; pre-judgment and post-judgment interest to Mr. Winters; and such other relief as the Court deems just and appropriate.

## TRIAL BY JURY IS DEMANDED

Respectfully Submitted,

**PAUL WINTERS, JR.**

By: /s/ Leonard A. Bennett
Leonard A. Bennett (VSB # 37523)
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com

*Counsel for Plaintiff*